IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>C.G.D. Developers, Inc., )<br>Defendant. )<br>)<br>)<br>)<br>_____) | CIVIL ACTION NO. 7:10-2553-JMC-BHH<br><br>COMPLAINT<br><br><u>JURY TRIAL DEMAND</u> |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Joe M. Wheeler ("Wheeler ") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, C.G.D. Developers, Inc. ("Defendant") subjected Wheeler to a hostile work environment because of his race, black.

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Spartanburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Spartanburg Division.

## PARTIES

3.    The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been a South Carolina corporation doing business in the state of South Carolina and the city of Gaffney and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Wheeler filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    From around June 14, 2007 until around March 20, 2008, Defendant engaged in unlawful employment practices at various South Carolina worksites, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Wheeler to a hostile work environment based on his race, black.

8.    Specifically, Defendant subjected Wheeler to racial harassment from the time he was most recently hired, around June 14, 2007 as a laborer or concrete finisher, until on or around March 20, 2008 when his employment with Defendant ended.  The harassment included

Wheeler being called "nigger", "dumb ass nigger," "black ass" and other racially derogatory terms by his direct supervisor on a daily or almost daily basis.  Wheeler was also told "you're a fucking dumb ass nigger."  At one job site in Columbia, Wheeler's supervisor grabbed a shovel out of Wheeler's hand and said "you fucking dumb ass nigger get off my damn job."

9.     Another one of Wheeler's direct supervisors physically assaulted Wheeler and called him a "dumb ass nigger" in Defendant's place of business.  That same supervisor also said that Wheeler was "retarded" and "rode the short bus" when he was young.

10.     The racial comments and conduct were severe as they included the repeated use of the term nigger by two of Wheeler's direct supervisors, as well as a physical assault.  The racial comments were also pervasive as they occurred on a daily or almost daily basis for approximately nine months.  The racial comments and conduct were unwelcome to Wheeler, who found the comments and conduct to be offensive.  Wheeler did not invite the conduct.  Wheeler complained about the racial harassment to Defendant's owner several times, but the racial harassment continued.

11.     The effect of the practices complained of above has been to deprive Wheeler of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, black.

12.     The unlawful employment practices complained of above were intentional.

13.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of  Wheeler.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging

in any employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make Wheeler whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.   Order Defendant to make Wheeler whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E.   Order Defendant to pay Wheeler punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 30th day of September, 2010.

> Respectfully submitted,
>
> P. DAVID LOPEZ
> General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney (N.C. Bar No. 19732)
E-mail:  Lynette.Barnes@eeoc.gov

TINA BURNSIDE (Wis. Bar No.1026965)
Supervisory Trial Attorney
E-mail: Tina.Burnside@eeoc.gov
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC  28202


   s/ Nicholas Walter
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
Charlotte District Office
129 West Trade Street
Charlotte, NC 28202
Phone:  (704) 954-6472
Fax:      (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**